THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CR-143-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| MATHIAS PAUL SMITH, | ) | |
| Defendant. | ) | |

This Cause comes before the Court to submit a memorandum and recommendation on Defendant's motion to clarify his proper release date. [DE-33]. The Government has responded to this motion [DE-34], and the matter is now ripe for adjudication.

**I. Background**

On August 18, 2007, Defendant pleaded guilty to the offense of Felon in Possession of a Firearm, and was sentenced to a 72 month term of imprisonment. [DE-27]. Defendant currently is incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina ("FCI Bennettsville"). [DE 34-2, ¶ 4]. The Federal Bureau of Prisons ("BOP") has computed Defendant's federal sentence, and has awarded applicable prior custody credit. [DE 34-2, ¶ 4].

On April 3, 2003, Defendant filed the instant pro se motion with this Court to clarify his proper release date from his federal sentence. Specifically, Defendant contends he is

entitled to prior custody credit that he alleges has not been properly calculated by the BOP.

## II. Analysis

Defendant claims that he is entitled to prior custody credit towards his federal sentence. However, calculations of credit for time served are performed by the Attorney General, not the sentencing judge. United States v. Miller, 49 F. Supp. 2d 489, 492-93 (E.D. Va. 1999). Thus, this Court, as Defendant's sentencing court, lacks jurisdiction to award the prior custody credit Defendant seeks. Rather, the determination of whether Defendant is entitled to credit for the time alleged served is performed by the Attorney General. Id. After the Attorney General has made a decision regarding any possible credit, a court may review that decision if Defendant files a petition for habeas corpus. Id.

Moreover, even if Defendant had already presented his claim to the Attorney General, this Court would still lack jurisdiction. A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989). Therefore, judicial review must be sought under 28 U.S.C. § 2241. However, a petition for writ of habeas corpus under 28 U.S.C. § 2241 can only be maintained in the district where there is in personam jurisdiction over the immediate custodian of the petitioner. Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. § 2242). In Defendant's case, his immediate custodian is the Warden of the institution at which he is incarcerated. See id. at 435. Defendant currently is incarcerated at FCI Bennettsville, in Bennettsville, South Carolina. See Cox Decl. ¶ 4. FCI Bennettsville is located in the District of South Carolina, not the Eastern District of North Carolina.

Therefore, even Defendant were proceeding pursuant to 28 U.S.C. § 2241, this Court would not have jurisdiction to rule on the merits of his claim.

Similarly, Defendant's motion should also be denied due to his failure to exhaust his administrative remedies. Although § 2241 itself does not contain an exhaustion requirement, case law establishes that a federal prisoner must first exhaust his administrative remedies before bringing a claim under that statute. See McClung v. Shearin, 90 Fed. Appx. 444, 445 (4th Cir. Feb.6, 2004) (unpublished) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir.2001)). Failure to exhaust administrative remedies is excusable only upon a showing of cause and prejudice. Id. Here, Defendant has not filed any administrative remedy requests through the BOP's Administrative Remedy Program, and he has failed to allege that he has otherwise met the exhaustion requirements for a habeas action pursuant to 28 U.S.C. § 2241. [DE 34-2, ¶ 5]. Likewise, Defendant has failed to make any showing of cause and prejudice for this failure.

3

## III. Conclusion

For the aforementioned reasons, it is HEREBY RECOMMENDED that Defendant's motion to clarify his proper release date [DE-33] be DENIED.

SO RECOMMENDED, this the 28th day of April, 2009.

_____
William A. Webb
U.S. Magistrate Judge