IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CR-143-FL-1
NO. 5:12-CV-772-FL

| | | |
|---|---|---|
| MATHIAS PAUL SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE # 41), and the government's response waiving its statute of limitations defense and suggesting that the court grant the motion and vacate petitioner's conviction.

On June 18, 2007, petitioner pled guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). The court sentenced petitioner on September 13, 2007, to a term of 72 months' imprisonment, followed by a three-year term of supervised release. Petitioner served his term of incarceration, and was released from the Bureau of Prisons on November 23, 2012.

In light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner does not have a prior conviction of a crime punishable by imprisonment for a term exceeding one year. A necessary element of the crime of conviction is therefore lacking. See 18 U.S.C. § 922(g)(1). Where the government waives defenses and concedes that petitioner's motion to vacate sentence should be granted, and where the court, having reviewed the record, finds petitioner's motion meritorious, said motion is GRANTED, and the judgment of conviction and sentence dated

September 13, 2007, is VACATED. Petitioner is ORDERED to be released from his term of supervised release.

SO ORDERED, this the 8th day of January, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

2